```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

**UNITED STATES OF AMERICA**                **CIVIL ACTION**

**Versus**                                  **NO. 06-180**

**FRANCISCO ACOSTA-PEREZ**                  **SECTION: "B"**

## ORDER AND REASONS

For the following reasons **IT IS ORDERED** that petitioner's § 2255 claims are **DISMISSED**.

## BACKGROUND

On August 17, 2006, Francisco Acosta-Perez ("Petitioner"),[1] pled guilty to illegal Re-entry of a Deported Alien.[2] On February 14, 2007, the petitioner was sentenced under the United States Sentencing Guidelines ("USSG").[3] The petitioner had previously pled guilty to armed robbery in the state of North Carolina.[4] Due to his prior conviction of a "crime of violence," his sentence was enhanced by sixteen (16) levels under the USSG.[5] The resulting sentence was seventy (70) months imprisonment and three

---

[1] Also known as David Acosta Perez, Antonio Luna, Javier Torrez, Javier Torres, Manuel Hernandez Hernandez, Campo Rolando Mota, Rolando Mota, Rolando Campo, Rolando Mota-Campo, Antonio Lang, Antonio Torres, Hernandez Hernandez, and Torrez Torrez.

[2] Rec. Doc. 46, part 2, pg. 1.

[3] Id.

[4] Id. at pg. 8.

[5] Rec. Doc. 52, part 1, pg. 4.

(3) years of supervised release.[6]

The petitioner alleges that he told his attorney, George Chaney, Jr., to appeal his February 14 sentence.[7] He alleges that he did not discover that his attorney ignored that request until writing a letter to the United States District Court for the Eastern District of Louisiana to "ascertain the status of the appeal" on April 19, 2007, and receiving a response.[8] This letter was treated as a *pro se* notice of appeal, and was rejected for untimeliness by the United States Court of Appeals for the Fifth Circuit.[9]

Accordingly, petitioner seeks post-conviction relief under 28 U.S.C. § 2255.[10] The petitioner sets forth the following three claims:

> (1) The conviction was unlawfully entered because petitioner lacked an understanding of the English language and thus did not understand the consequences of his guilty plea since an interpreter was not provided during his rearraignment hearing.[11]

---

[6] Rec. Doc. 46, part 2, pg. 1.

[7] Id. at pg. 6.

[8] Id. at pg. 3.

[9] Id., Exhibit 2.

[10] Id., part 1, pg. 1.

[11] Id., part 2, pg. 5. (Petitioner's native language is Spanish, and thus he alleges that he did not have a sufficient understanding of English necessary to understand the consequences of his guilty plea).

(2) The trial attorney erred by ignoring petitioner's request to appeal the sentence.[12]

(3) The trial attorney erred by ignoring petitioner's request that he challenge the enhanced sentence on the basis that his North Carolina conviction did not fit the legal definition of a "crime of violence."[13]

## LAW AND ANALYSIS

**STANDARD:**

A federal prisoner can attack his sentence by filing a petition under 28 U.S.C. § 2255. See Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001); Cox v. Warden, Fed. Detention Center, 911 F.2d 1111 (5th Cir. 1990).

> "There are, essentially, four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'"

United States v. Mack, No. 05-30040-01, 2007 WL 1237786, *1 (W.D. La. April 4, 2007) (citing 28 U.S.C. § 2255; United States v. Cates, 952 F.2d 149, 151 (5th Cir. 1992)). Claims of ineffective counsel can be considered under 28 U.S.C. § 2255. United States v. Gipson, 985 F.2d 212 (5th Cir. 1993).[14]

---

[12] Id. at pg. 6.

[13] Id. at pg. 8 (The legal definition of a "crime of violence" for purposes of USSG 2L1.2.)

[14] The Strickland v. Washington standard and the surrounding case law is omitted because counsel's competence does not need to be addressed.

3

B.   PETITIONER'S CLAIMS:

## CLAIM 1:

The petitioner contends that his conviction was unlawfully entered because an interpreter was not provided at his rearraignment hearing, and thus he did not understand the consequences of his guilty plea.[15] The only evidence that the petitioner provides in support of this claim is that he was provided with an interpreter at all judicial proceedings preceding the rearraignment, including his sentencing for a prior crime in North Carolina.[16] Nevertheless, the petitioner fails to mention that this Court asked his attorney, on August 16, 2006, whether his client needed an interpreter, and the attorney responded that he has "been able to communicate with him throughout without any problems."[17] The petitioner confirmed his attorney's statement.[18] When asked by the Court the following day whether he needed an interpreter, the petitioner declined the offer.[19] Furthermore, at the petitioner's sentencing hearing, on February 14, 2007, he again declined the assistance of an interpreter, stating: "I can speak, I can have a conversation

---

[15] Rec. Doc. 46, part 2, pg. 5.

[16] Rec. Doc. 55, pg. 3.

[17] Rec. Doc. 49, pg. 3.

[18] Id. at pg. 4.

[19] Rec. Doc. 52, pg. 7.

with anybody right now, but I... and I can read and I can write English right now."[20]

Furthermore, during the sentencing hearing the petitioner lied to the Court by saying that he was not provided an interpreter during his North Carolina sentencing, and thus his North Carolina guilty plea was unknowingly entered and should not be used to enhance his sentence.[21] This false statement infers/suggests that he did not know *then* (in North Carolina) what he knows *now* (at the February 14, 2007 sentencing hearing). In other words, the petitioner *now* knows the meaning of a guilty plea and *now* does not need the assistance of an interpreter. Additionally, the petitioner's attorney had a Spanish speaking attorney read the plea letter and other documents to the petitioner in Spanish.[22]  In light of the statements made by the petitioner to this Court and the precautionary steps taken by his counsel, it is obvious that he had a sufficient understanding of the English language and the consequences of the plea.

### CLAIM 2:

The petitioner contends that he instructed his attorney to appeal the February 14, 2007 sentence, yet did not discover that the attorney ignored his request until writing to "ascertain the

---

[20] Rec. Doc. 50, pg. 10.

[21] Rec. Doc. 50, pg. 15, 19, 34-35.

[22] Id. at pg. 6.

status of the appeal" on April 19, 2007, and receiving a response.[23] In a criminal proceeding, a defendant's notice of appeal must be filed within ten business days of the entry of the judgment. Fed. R. App. P. 4(b)(1)(a). Nevertheless, "failure of counsel to timely file an appeal upon request of the defendant... would constitute ineffective assistance of counsel entitling the defendant to post-conviction relief in the form of an out-of-time appeal." United States v. West, 240 F.3d 456, 459-60 (5th Cir. 2001) (quoting Arrastia v. United States, 455 F.2d 736, 740 (1972)); see also Camp v. United States, 352 F.2d 800, 801 (5th Cir. 1965). Furthermore, a petitioner's "unsworn declaration under the penalty of perjury [is] competent sworn testimony... [carrying] the same 'force and effect' as an affidavit." Vineyard v. Dretke, 125 Fed. Appx. 551, 553 (5th Cir. 2005) (citing Hart v. Hairston, 343 F.3d 762, 764 n.1 (5th Cir. 2003)).

Accordingly, the petitioner argues that his declaration in support of his § 2255 motion - which contends that he told his attorney to appeal his sentence - is as effective as an affidavit because the declaration was made under the penalty of perjury if proven false. See Vineyard, 125 Fed. Appx. at 553. As such, he is entitled to an out-of-time appeal since his attorney ignored his request that he appeal the sentence. See West, 240 F.3d at 459-60.

---

[23] Rec. Doc. 46, part 2, pg. 3.

Nevertheless, this Court has already determined that the petitioner is not credible.[24] The petitioner's lack of credibility was determined when he falsely claimed that he was not provided an interpreter at his North Carolina sentencing.[25] Accordingly, even if we treat the petitioner's declaration as an affidavit, it is not sufficient to prove that he asked his attorney to appeal his sentence. The petitioner simply lacks credibility with this Court, and thus his assertion is not convincing, especially in light of the fact that his claim is not corroborated by any other evidence. As such, there is no evidence that his attorney acted deficiently by failing to appeal petitioner's sentence.

**CLAIM 3:**

The petitioner argues that trial counsel erred by ignoring his request to challenge the sentence enhancement on the basis

---

[24] Rec. Doc. 52, part 1, pg. 4.

[25] Rec. Doc. 50, pg. 15, 19, 34-35 (After discovering that the petitioner falsely claimed not to have understood the consequences of his North Carolina guilty plea because an interpreter had not been provided, this Court stated: "I'm convinced that those charging documents and the information that we have here show that he was convicted and that he understood that he was being convicted and pleading guilty and sentenced for the felony robbery with dangerous weapon. When confronted with the fact that he had an interpreter after he says he did not, seems to be a conflict in the record for Mr. Acosta. I think his credibility is at issue. I don't believe him when he says that he did not know what he was pleading guilty to. I don't believe him when he says there was no interpreter there. I don't believe him when he says that he didn't understand the charges or that they made him do this").

that his North Carolina conviction did not fit the legal definition of a "crime of violence."[26] The only thing supporting this claim is petitioner's declaration in support of his § 2255 claim.[27] Nevertheless, it has already been determined that the petitioner's uncorroborated assertions are not sufficient to prove the trial counsel's deficiency. Furthermore, there is evidence in the record that runs contrary to petitioner's claim that he wanted his attorney to make further objections to the enhanced sentence.[28] At the February 14, 2007 sentencing, the Court asked the petitioner whether he was ready to go forward or wanted additional time to further research the prior conviction.[29] The petitioner insisted that he was ready to go forward.[30] A bit later the Court asked the same question and the

---

[26] See USSG 2L.1.2.

[27] Rec. Doc. 46, part 2, pg. 8.

[28] Trial counsel challenged the sentence enhancement on the basis of the later-proven-false claim that the petitioner's guilty plea was unknowingly entered since an interpreter was not provided. The attorney, in his experienced discretion, deemed it unnecessary to challenge the sentence enhancement on the basis of a legal definition. See Bell v. Cone, 535 U.S. 685, 697 (2007) (citing Strickland v. Washington, 466 U.S. 668, 689 (1984)) ("A court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight").

[29] Rec. Doc. 50, pg. 18-19.

[30] Id.

petitioner responded, "I don't want a continuance."[31] This testimony runs contrary to the claim that the petitioner wanted his attorney to make further objections at sentencing. Accordingly, the petitioner's third claim has no merit.

## CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that all three of the petitioner's 28 U.S.C. § 2255 claims are **DENIED.**

New Orleans, Louisiana, this 17th day of June, 2008.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

---

[31] Id. at pg. 25.